IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TRACY SANDERS, ARIANA THOMPSON, TANIKA JONES, ALEXIS THOMPSON, and ZACKA GOMES, individually and on behalf of all others similarly situated who consent to their inclusion in a collective action, Plaintiffs, vs.<br><br>MCCLURE AND STEVENSON INVESTMENTS, LLC and FELISHA STEVENSON, Defendants | Civil Action File No.<br>_____ |

### COMPLAINT

Plaintiffs Tracy Sanders, Ariana Thompson, Tanika Jones, Alexis Thompson, and Zacka Gomes bring this Complaint against McClure and Stevenson Investments, LLC ("MSI") and Felisha Stevenson ("Stevenson") showing the Court as follows:

### INTRODUCTION

This is an FLSA case. Plaintiffs bring this action because Defendants have systematically failed to pay them the minimum wages they are due and are required by the Fair Labor Standards Act of 1938. Plaintiffs also assert collective

1

action allegations on behalf of similarly situated individuals, to wit: all persons who Defendants employed as debt collectors within three years prior to the filing of this Complaint and who consent in writing to their inclusion in a collective action.

**JURISDICTION AND VENUE**

1.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA § 16(b), 29 U.S.C. § 216(b), 28 U.S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

2.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because MSI and Stevenson are located in this judicial district, a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**THE PARTIES**

3.

Sanders resides in DeKalb County, Georgia.

4.

Ariana Thompson resides in DeKalb County, Georgia.

2

5.

Jones resides in DeKalb County, Georgia.

6.

Alexis Thompson resides in DeKalb County, Georgia.

7.

Gomes resides in DeKalb County, Georgia.

8.

Stevenson resides in Cobb County, Georgia.

9.

Stevenson is subject to the personal jurisdiction of this Court.

10.

MSI is a limited liability company organized under the laws of the State of

Georgia.

11.

MSI can be served via its registered agent, Felisha Stevenson, at 3300 Windy

Ridge Pkwy, Unit 1108, Atlanta, Georgia 30339.

12.

MSI is subject to the personal jurisdiction of this Court.

13.

At all times material hereto, MSI has been engaged in the business of collecting debts.

14.

At all times material hereto, MSI has operated its business from offices located at 3576 Covington Highway, Decatur, Georgia. 30032 and 1755 The Exchange Dr., Ste. 520, Atlanta, GA 30039.

15.

At all times material hereto, MSI has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA § 6(a), 29 U.S.C. § 206 (a).

16.

At all times material hereto, MSI has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1)

17.

At all times material hereto, MSI employed two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

18.

At all times material hereto, MSI employed two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A), including telephones, computers, Internet, credit card processing software, and other office equipment.

19.

In all relevant years, MSI had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

20.

In 2012, MSI had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

21.

In 2013, MSI had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

22.

In 2014, MSI had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

23.

At all times material hereto, Stevenson was the Managing Member of MSI.

24.

At all times material hereto, Stevenson designed, set in place and controlled the pay rate and method of pay for Plaintiffs and the class they seek to represent.

25.

At all times material hereto, Stevenson had authority and exercised control over the finances and operations of MSI.

26.

At all times material hereto, Stevenson had authority and control over MSI's policy to avoid payment of minimum wages to persons it employed as debt collectors.

27.

At all times material, Stevenson was an "employer" of Plaintiffs and the class they seek to represent as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

COMMON FACTUAL ALLEGATIONS

28.

At all times material hereto, Defendants advertised on the website "Craigslist"

soliciting candidates for debt collection positions.

29.

At all times material hereto, Defendants' advertisement read as follows:

**IMMEDIATELY HIRING DEBT COLLECTORS!!! (United States)**

We are growing extremely fast in both Marietta and Decatur.  We need people

that want to work now!!!

******PICK UP THE PHONE AND SCHEDULE AN IMMEDIATE PHONE
INTERVIEW**********
We offer:
: Two week training program
: High Commission
: Bonus Pay
: Daily Prizes & Incentives
: Mon-Fri Schedule (1 mandatory sat)

APPLY TODAY

Job requirements include the following:

* Excellent phone etiquette/expertise
* Strong, professional communications skills
* Negotiating payment plan structures
* Candidates need to have the ability to work in a faced paced environment
* Attention to detail, self disciplined, multi tasking
* Goal driven, team player
* Ability to diffuse potentially hostile customers

7

QUALIFIED APPLICANTS will receive phone interviews immediately!
To Apply: Please submit resume to thegfsgroup@usa.com  or call:

DECATUR
Decatur, GA 30032
(404) 994-7722 or
(678) 809-1954

MARIETTA
1755 The Exchange Dr.
Ste. 520
Atlanta, GA 30039
(404) 994-7722

- Principals only.  Recruiters, please don't contact this job poster.
- do NOT contact us with unsolicited services or offers

30.

MSI has operated a collection agency since at least 2013 and continuing

through the present.

31.

At all times relevant, MSI has hired collection agents while promising them

payment of wages in excess of the minimum wage during a training period,

followed by commissions thereafter.

32.

At all times relevant, MSI has refused to pay wages to employees who do not

meet quota.

33.

At all times relevant, MSI has propounded and enforce a written policy of deductions for work place violations including:

- Unexcused Tardy: Deduction Amount: $15.00;
- Unexcused Absence: Deduction Amount: $50.00;
- Phone in Work Area: Deduction Amount: $15.00;
- Low Call Volume: Deduction Amount: $5.00.

34.

Defendants levied these deductions thereby causing employee compensation to fall below the minimum wage.

35.

Defendants' deductions are violations of the FLSA free and clear requirements.

36.

Defendants' deductions are undifferentiated, in violation of the FLSA.

37.

Defendants failed to explain their deductions to employees, in violation of the FLSA.

38.

For example, on April 6, 2015 Defendants issued a payroll check and check stub to Alexis Thompson bearing number 50350.

39.

Check stub 50350 showed that Alexis worked 34 hours during the pay period resulting in gross compensation of $507.50.

40.

Check stub 50350 further showed that Defendants $505 under the heading "voluntary deductions" and labeled as "miscellaneous" resulting in net compensation of $2.50.

41.

An element of Defendants' business plan is to avoid paying the FLSA minimum wage to its employees.

## COUNT I
## FAILURE TO PAY MINIMUM WAGES TO TRACY SANDERS

42.

In March 2015, Plaintiff Tracy Sanders answered Defendants' Craigslist ad.

43.

Defendants employed Sanders as a full time debt collector from March 16, 2015 through and until March 31, 2015.

44.

From March 16, 2015 through and until March 31, 2015, Sanders was an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

45.

From March 16, 2015 through and until March 31, 2015, Sanders was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

46.

Defendants failed to compensate Sanders at or above the minimum wage for the work she performed as their employee from March 16, 2015 through and until March 31, 2015.

47.

Defendants willfully failed to compensate Sanders at or above the minimum wage for the work she performed as their employee from March 16, 2015 through and until March 31, 2015.

48.

As a result of the underpayment of minimum wage as alleged above, Sanders is entitled to recover from Defendants, jointly and severally, payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

49.

As a result of the underpayment of minimum wage as alleged above, Sanders is entitled to recover from Defendants, jointly and severally, liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

50.

As a result of the underpayment of minimum wage as alleged above, Sanders is entitled to recover from Defendants, jointly and severally, her cost of litigation, including her reasonable attorney's fees, in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II
## FAILURE TO PAY MINIMUM WAGES TO ARIANA THOMPSON

51.

In March 2015, Plaintiff Ariana Thompson answered Defendants' Craigslist ad.

52.

Defendants employed Ariana Thompson as a full time debt collector from March 17, 2015 through and until April 3, 2015.

53.

From March 17, 2015 through and until April 3, 2015, Ariana Thompson was an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

54.

From March 17, 2015 through and until April 3, 2015, Ariana Thompson was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

55.

Defendants failed to compensate Ariana Thompson at or above the minimum wage for the work she performed as their employee from March 17, 2015 through and until April 3, 2015.

56.

Defendants willfully failed to compensate Ariana Thompson at or above the minimum wage for the work she performed as their employee from March 17, 2015 through and until April 3, 2015.

57.

As a result of the underpayment of minimum wage as alleged above, Ariana Thompson is entitled to recover from Defendants, jointly and severally, payment of

minimum wages in an amount to be determined at trial, in accordance with FLSA §

16(b), 29 U.S.C. § 216(b).

58.

As a result of the underpayment of minimum wage as alleged above, Ariana

Thompson is entitled to recover from Defendants, jointly and severally, liquidated

damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

59.

As a result of the underpayment of minimum wage as alleged above, Ariana

Thompson is entitled to recover from Defendants, jointly and severally, her cost of

litigation, including her reasonable attorney's fees, in accordance with FLSA §

16(b); 29 U.S.C. § 216(b).

**COUNT III**
**FAILURE TO PAY MINIMUM WAGES TO TANIKA JONES**

60.

In March 2015, Plaintiff Tanika Jones answered Defendants' Craigslist ad.
61.

Defendants employed Jones as a full time debt collector from March 16, 2015

through and until March 30, 2015.

14

62.

From March 16, 2015 through and until March 30, 2015, Jones was an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

63.

From March 16, 2015 through and until March 30, 2015, Jones was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

64.

Defendants failed to compensate Jones at or above the minimum wage for the work she performed as their employee from March 16, 2015 through and until March 30, 2015.

65.

Defendants willfully failed to compensate Jones at or above the minimum wage for the work she performed as their employee from March 16, 2015 through and until March 30, 2015.

66.

As a result of the underpayment of minimum wage as alleged above, Jones is entitled to recover from Defendants, jointly and severally, payment of minimum

wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

67.

As a result of the underpayment of minimum wage as alleged above, Jones is entitled to recover from Defendants, jointly and severally, liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

68.

As a result of the underpayment of minimum wage as alleged above, Jones is entitled to recover from Defendants, jointly and severally, her cost of litigation, including her reasonable attorney's fees, in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT IV
## FAILURE TO PAY MINIMUM WAGES TO ALEXIS THOMPSON

69.

In March 2015, Plaintiff Alexis Thompson answered Defendants' Craigslist ad.

70.

Defendants employed Alexis Thompson as a full time debt collector from March 16, 2015 through and until March 31, 2015.

71.

From March 16, 2015 through and until March 31, 2015, Alexis Thompson was an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

72.

From March 16, 2015 through and until March 31, 2015, Alexis Thompson was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

73.

Defendants failed to compensate Alexis Thompson at or above the minimum wage for the work she performed as their employee from March 16, 2015 through and until March 31, 2015.

74.

Defendants willfully failed to compensate Alexis Thompson at or above the minimum wage for the work she performed as their employee from March 16, 2015 through and until March 31, 2015.

75.

As a result of the underpayment of minimum wage as alleged above, Alexis Thompson is entitled to recover from Defendants, jointly and severally, payment of

minimum wages in an amount to be determined at trial, in accordance with FLSA §

16(b), 29 U.S.C. § 216(b).

76.

As a result of the underpayment of minimum wage as alleged above, Alexis

Thompson is entitled to recover from Defendants, jointly and severally, liquidated

damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

77.

As a result of the underpayment of minimum wage as alleged above, Alexis

Thompson is entitled to recover from Defendants, jointly and severally, her cost of

litigation, including her reasonable attorney's fees, in accordance with FLSA §

16(b); 29 U.S.C. § 216(b).

**COUNT V**
**FAILURE TO PAY MINIMUM WAGES TO ZACKA GOMES**

78.

In March 2015, Plaintiff Zacka Gomes answered Defendants' Craiglist ad.
79.

Defendants employed Gomes as a full time debt collector from March 16, 2015

through and until April 3, 2015.

80.

From March 17, 2015 through and until April 3, 2015, Gomes was an employee

covered by the FLSA and entitled to the minimum wage protections set forth in

FLSA § 6(a), 29 U.S.C. § 206(a).

81.

From March 17, 2015 through and until April 3, 2015, Gomes was not exempt

from the minimum wage requirements of the FLSA by reason of any exemption.

82.

Defendants failed to compensate Gomes at or above the minimum wage for the

work she performed as their employee from March 17, 2015 through and until

April 3, 2015.

83.

Defendants willfully failed to compensate Gomes at or above the minimum

wage for the work he performed as their employee from March 17, 2015 through

and until April 3, 2015.

84.

As a result of the underpayment of minimum wage as alleged above, Gomes is

entitled to recover from Defendants, jointly and severally, payment of minimum

wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

85.

As a result of the underpayment of minimum wage as alleged above, Gomes is entitled to recover from Defendants, jointly and severally, liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

86.

As a result of the underpayment of minimum wage as alleged above, Gomes is entitled to recover from Defendants, jointly and severally, her cost of litigation, including her reasonable attorney's fees, in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

**COUNT VI**
**FAILURE TO PAY MINIMUM WAGES TO ALL PERSONS WHO WORKED AS DEBT COLLECTORS FOR DEFENDANTS WITHIN THE THREE YEARS PRIOR TO THE FILING OF THIS COMPLAINT AND WHO CONSENT IN WRITING TO THEIR INCLUSION IN THIS COLLECTIVE ACTION.**

87.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

88.

At all times during the three years prior to the filing of this Complaint, Defendants failed to pay minimum wages to persons who MSI employed as debt collectors.

89.

At all times during the three years prior to the filing of this Complaint, Defendants willfully failed to pay minimum wages to persons who MSI employed as debt collectors.

90.

At all times during the three years prior to the filing of this Complaint, failed to pay minimum wages to persons who MSI employed as debt collectors in the same manner as alleged above with respect to Plaintiffs.

91.

All persons who MSI employed as debt collectors within the three years prior to the filing of this action are "similarly situated" within the meaning of FLSA § 16 (b), 29 U.S.C. § 216(b).

92.

Defendants are liable to all individuals similarly situated to Plaintiffs for unpaid minimum wages, liquidated damages, prejudgment interest, and costs of litigation

including their reasonable attorney's fees and, other such equitable and legal relief that this Court finds proper.

93.

All individuals who are similarly situated to Plaintiffs were and/or are "employee(s)" of Defendants as defined in 29 U.S.C. § 203(e)(1).

94.

At all times material hereto, Defendants have been the "employer" of all individuals similarly situated to Plaintiffs as defined in 29 U.S.C. § 203(d).

95.

The proposed collective of individuals similarly situated to Plaintiffs should be defined as "All individuals who MSI employed as debt collectors at its offices located at 3576 Covington Highway, Decatur, Georgia. 30032 and 1755 The Exchange Dr., Ste. 520, Atlanta, GA 30039."

96.

Each individual Plaintiff's Consent To Serve As A Plaintiff Representative Under The Fair Labor Standards Act is filed herewith as Attachment "A".

97.

All such individuals similarly situated to Plaintiffs would benefit from the issuance of a court-supervised Notice of Present Lawsuit and opportunity to

consent in writing to their inclusion as plaintiffs in this lawsuit pursuant to 29
U.S.C. § 216(b).

98.

All such individuals similarly-situated to Plaintiffs are known to Defendants,
are readily identifiable, and can be located through the records of Defendants.

WHEREFORE, Plaintiffs respectfully pray:

1.     That Plaintiffs be awarded an amount to be determined at trial against
Defendants, jointly and severally, in unpaid minimum wages, an additional like
amount in liquidated damages and pre-judgment interest;

2.     That the Court permanently enjoin Defendants from violating the
minimum wage provisions of the FLSA;

3.     That Plaintiffs be awarded their costs of litigation, including reasonable
attorney's fees from MSI;

4.     That the Court issue a Notice of Present Lawsuit to all individuals
similarly situated to Plaintiffs, allowing all such similarly-situated individuals to
file their written consent to join this action as plaintiffs;

5.     That the Court award all such individuals who "opt in" to this lawsuit
their unpaid wages, liquidated damages, prejudgment interest and their costs of

litigation including their reasonable attorneys' fees from Defendants, jointly and severally; and

6.    For such other and further relief as the Court deems just and proper.

Respectfully submitted,

**DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC**

*/s/Charles R. Bridgers*
Charles R. Bridgers
Ga. Bar No. 080791

3100 Centennial Tower
101 Marietta Street
Atlanta, Georgia 30303
(404) 979-3171
(404) 979-3170 (f)
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com
matthew.herrington@dcbflegal.com

*/s/ Kevin D. Fitzpatrick, Jr.*
Kevin D. Fitzpatrick, Jr.
Ga. Bar No. 262375

*/s/ Matthew W. Herrington*
Matthew W. Herrington
Ga. Bar No. 275411

**Counsel for Plaintiffs**